In re DISCOUNT PLYWOOD CENTERS, INC. a/k/a National Plywood Distributors, National Building Materials, Debtors.

DISCOUNT PLYWOOD CENTERS, INC., Plaintiff,

v.

Andrew A. DIDIO, Individually and as President of Property Maintenance Corporation and Pool Maintenance Corporation, Defendants.

Bankruptcy No. 80–01115G.
Adv. No. 80–0603G.

United States Bankruptcy Court, E. D. Pennsylvania.

June 12, 1981.

David Gutin, Nathan B. Feinstein, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff, Discount Plywood Centers, Inc.

Harry S. Rosenthal, Wyndmoor, Pa., for the defendants, Andrew A. DiDio, Individually and as President of Property Maintenance Corp. and Pool Maintenance Corp.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether a state statute of limitations bars an action brought by a debtor in this court to recover a pre-proceeding debt. We conclude that, since the state statute of limitations had run prior to the filing of the chapter 11 petition, the defendant's motion to dismiss should be sustained.

The facts of the instant case are as follows:[1] Between June and October of 1975, Discount Plywood Centers, Inc. ("Discount Plywood") sold certain building supplies to Property Maintenance Corporation ("PMC"). On June 13, 1977, Discount Plywood filed a complaint in assumpsit against PMC and various other defendants[2] in the Court of Common Pleas of Montgomery County seeking to recover approximately $6,250 due for those supplies. The complaint was not served on the defendants nor was it ever reissued and no application for an extension of time was ever filed. Consequently, the complaint was marked as dismissed by the prothonotary pursuant to Rule 407 of the Montgomery County Civil Rules ("the 240-day rule").[3]

In the interim, on May 19, 1980, Discount Plywood filed a petition for a reorganization under chapter 11 of the Bankruptcy Code ("the Code") and, on October 8, 1980, filed the instant complaint in the bankruptcy court against the same defendants as those named in the state court action based on the alleged debt of $6,250 owed to Discount Plywood by PMC. The defendants responded to the complaint with a pleading erroneously described as "preliminary objections"[4] seeking (1) dismissal of the complaint based on the statute of limitations, (2) a more definite statement, (3) dismissal of the complaint as to Andrew A. DiDio for failure to state a cause of action, (4) dismissal of the complaint because of laches, and (5) dismissal based on the statute of frauds. As provided by Rule 12(b) of the Federal Rules of Civil Procedure,[5] we will treat the defendants' pleading as a motion to dismiss. See Moore's Federal Practice ¶ 12.10 at 2314. Since we conclude that the first ground for dismissal asserted by the defendants is valid, and should be sustained, their other arguments are rendered moot and need not be considered.

Under Pennsylvania law, there is a four year statute of limitations for an action based on the sale of personal property.[6] In

1. Since the instant case is before us on a motion to dismiss, we accept all of the plaintiff's allegations as true. See, e. g., Walker Process Equipment v. Food Machinery and Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).

2. The other named defendants were Andrew A. DiDio, president of PMC and Pool Maintenance Corporation, another corporation of which DiDio was president.

3. The 240-day rule provides in relevant part:
   (a) Pursuant to the Order of the Supreme Court of Pennsylvania dated November 19, 1979, in all civil actions commenced on or before December 31, 1979, a praecipe certifying that there are no outstanding motions, all discovery has been completed and that the case is in all respects ready for trial must be filed on or before August 31, 1980. In all civil actions commenced after January, 1980, such praecipe to list for trial must be filed not more than 240 days after the action is commenced.
   . . . .
   (b) All civil actions shall be dismissed by the Prothonotary for want of prosecution where neither the appropriate praecipe for trial listing or an application for extension has been filed within 240 days after commencement of the action.
   . . . .
   (2) In all civil actions commenced on or before December 31, 1979, the Prothonotary will dismiss without further notification all civil cases where neither the appropriate praecipe for trial listing or an application for extension has been filed by August 31, 1980. In the instant case, the prothonotary did not mark the case dismissed on the record until December 3, 1980.

4. Counsel for Discount Plywood, apparently a strong believer in states' rights, employs a pleading ("preliminary objections") which, while existent in Pennsylvania (R.C.P. 1509), does not exist in the federal courts.

5. That rule is made applicable to adversary proceedings under the Code by Rule 712 of the Rules of Bankruptcy Procedure.

6. Pa.Stat.Ann. tit. 12A, § 2–725(1) (Purdon 1970). Pennsylvania law applies in this case since § 541 of the Code preserves as property of the estate only those legal or equitable interests which the debtor has in property as of the date of the filing of his petition and as stated in the legislative history to § 541:
   Though this paragraph will include choses in action and claims by the debtor against others, it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case. For example, if the debtor has a claim that is barred at the time of the commencement of the case by the statute of limitations, then the trustee [or the debtor] would not be able

the case *sub judice,* the date of the last sale by Discount Plywood to PMC was October 29, 1975. Thus, under Pennsylvania law, the last day for filing an action based on that sale was October 29, 1979. The instant complaint was not filed until October 8, 1980, and was thus untimely and barred by the statute of limitations.

■ Discount Plywood argues, however, that it commenced an action against the defendants within the four year statute of limitations in the state court and that the filing of that suit tolled the statute of limitations as to the state cause of action. Even if that is true, it did not toll the statute of limitations as to any federal cause of action which Discount Plywood may have. As the United States Court of Appeals for the Third Circuit stated in *Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir. 1974): "The running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under Pennsylvania concepts of tolling by the commencement of a similar suit in state court." *Id.* at 816. *See also, Falsetti v. Local 2026, UMW,* 355 F.2d 658, 662 (3d Cir. 1966); *Price v. United States,* 466 F.Supp. 315, 318 (E.D.Pa.1979); *Royal Globe Insurance Co. v. Hauch Manufacturing Co.,* 233 Pa.Super. 248, 253, 335 A.2d 460, 462 (1975). Thus, as of the date when Discount Plywood filed its action in this court, the statute of limitations had run as to that action.

■ Nothing in the Bankruptcy Code changes this result. Section 108 of the Code deals with the application of the statute of limitations in bankruptcy proceedings and states:

§ 108. Extension of time.

(a) If applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of

the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) two years after the order for relief.

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

(c) Except as provided in section 524 of this title, if applicable law, an order entered in a proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 30 days after notice of the termination or expiration of the stay under sec-

---

to pursue that claim, because he too would be barred. He could take no greater rights than the debtor himself had. *But see* proposed 11 U.S.C. § 108, which would permit the trustee a tolling of the statute of limitations if it had not run before the date of the filing of the petition.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 95–989, 95 Cong., 2d Sess. 82–83 (1978) U.S.Code Cong. & Admin. News 1978, pp. 5787, 6323–24.

tion 362, 722, or 1301 of this title, as the case may be, with respect to such claim. Hence we conclude that that section does not operate to extend the limitations period for the filing of the instant complaint by Discount Plywood. Subsection (a) of § 108 is inapplicable here because the limitations period set by the applicable law had already expired before the filing of the petition for a reorganization by Discount Plywood (the statute of limitations period ran on October 29, 1979, while the petition was filed on May 19, 1980). Furthermore, subsection (c) is also inapplicable because it applies only to actions *against* the debtor and not to actions *by* the debtor.

Subsection (b) of § 108, however, would appear to be applicable in the instant case and would permit the trustee (or the debtor, Discount Plywood)[7] an extension of time in order to file whatever pleading or other document is necessary in the state court action filed by Discount Plywood in 1977 in order to keep that action from being dismissed. The requirement of § 108(b) that the period for filing such a document shall not have expired as of the date of the filing of the petition under the Code is met herein. In the instant case the petition for reorganization was filed on May 19, 1980, and Discount Plywood had until August 31, 1980, to file a certificate or readiness or to file for an extension of time in the state court.[8]

 Although § 108(b) is thus applicable herein, the relief which it affords is limited. That section allows Discount Plywood to file the necessary documents in the state court by the later of (1) the end of the state law period (August 31, 1980) or any extension of that period and (2) 60 days after the order for relief (July 18, 1980, in the instant case). Since the first period is the longer,

Discount Plywood had only until August 31, 1980, to file a certificate of readiness or to request an extension of time in the state court. Discount Plywood did neither of the above and consequently, its action was properly dismissed.[9]

We conclude, therefore, that Discount Plywood's action filed in this court against PMC and the other defendants is barred by the statute of limitations and that nothing in the Code changes that result. We will, therefore, dismiss the complaint.

---

7. Under § 1107 of the Code, if no trustee is requested or appointed the debtor has all of the rights and powers of the trustee under chapter 11 of the Code.

8. *See* Rule 407 of the Montgomery County Civil Rules note 3 *supra.*

9. There was no assertion by Discount Plywood that any other provision of the Code operates to make that dismissal improper. What is more, Discount Plywood did not file an application to remove the state court action (prior to its dismissal) to this court pursuant to 28 U.S.C. § 1478 *as amended* by The Bankruptcy Reform Act of 1978, Pub.L. No. 95–595, § 241(a) (1978).