**In re Leonard MORGAN, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Leonard MORGAN,**

**and**

**James J. O'Connell, Trustee, Defendants.**

**Bankruptcy No. 82–00445G.**
**Adv. No. 82–1003G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 14, 1982.

Margaret Mary King, Owens, Whiteman & Bankes, Philadelphia, Pa., for plaintiff, General Motors Acceptance Corp.

David Paul Daniels, Camden, N.J., for debtor/defendant, Leonard Morgan.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues at bench are: (1) whether a right of redemption, where the redemption period has not expired as of the date of the filing of the petition for relief, is property of the estate within the meaning of section 541(a)(1) of the Bankruptcy Code ("the Code"); and (2) whether the redemptive period continues over the life of the debtor's chapter 13 plan for the adjustment of the debtor's debts. We conclude that a right of redemption, when still exercisable as of the date of the filing of the petition, comes within the scope of "all legal or equitable interests of the debtor in property" and, as such, becomes property of the estate pursuant to section 541(a)(1). We further conclude, however, that the debtor in this case could only exercise his redemptive right within sixty (60) days after the order for relief was granted.

The facts of this case have been stipulated [1] by the parties and are as follows: [2] On March 7, 1979, Leonard Morgan ("the debtor") purchased a 1976 Oldsmobile automobile pursuant to the terms of an installment sales contract. This contract was subsequently assigned to the General Motors Acceptance Corporation ("GMAC") which holds an encumbrance on the debtor's automobile.[3]

The debtor having failed to make the installment payments due GMAC under the terms of the installment sales contract for the months of November, 1981, December, 1981 and January, 1982, on January 19, 1982, GMAC took possession of the automobile pursuant to the terms of the said installment sales contract. On January 20, 1982, GMAC informed the debtor that his automobile had been repossessed but that he would be permitted to redeem it upon payment of the full balance owed to GMAC in the amount of $1,304.36. That sum represents the principal net balance of $1,222.39, together with late charges of $46.97 and repossession expenses of $35.00.

On February 2, 1982, the debtor filed a petition under chapter 13 of the Code. Thereafter, GMAC filed a complaint seeking relief from the automatic stay provisions of section 362(a) of the Code. The

---

1. *See* Stipulation filed with the court on May 11, 1982.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

3. GMAC holds a perfected security interest in the debtor's automobile by virtue of having its interest noted on the certificate of title.

outstanding balance due GMAC as of the date of the filing of the petition was $1,244.24.

■ Section 541 of the Code provides that the commencement of a case under sections 301, 302 or 303 creates an estate and that the estate is comprised of all legal or equitable interests of the debtor in property, wherever located, as of the date the case is commenced.[4] However, the existence and nature of the debtor's interest in property are determined by nonbankruptcy law. *See Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); 4 *Collier on Bankruptcy,* ¶ 541.02[1] at 541–10 (15th ed. 1982).

In this case, the appropriate law for the determination of whether the debtor has any interest in the subject automobile is the Pennsylvania Motor Vehicle Sales Finance Act ("the Vehicle Sales Act"). Section 626 A of that Act provides:

A. When the repossessed motor vehicle under an installment sale contract is not redeemed by the buyer either by termination or reinstatement of the contract within the fifteen (15) day notice of redemption period, the buyer shall forfeit all claim to such motor vehicle and collateral security.

Pa.Stat.Ann. tit. 69, § 626 A (Purdon 1967). Pennsylvania law clearly provides that once an automobile has been repossessed the buyer has only two options. First, he can treat the sales contract as terminated, in which case the buyer cannot recover the automobile. Or, in the alternative, he can pay in full the redemption value (as defined in that statute) of the automobile. *See In re Haines,* 10 B.R. 856 (Bkrtcy.E.D.Pa.1981). The debtor in the case at bench has not attempted to exercise any of these rights.

■ GMAC argues, we think, incorrectly, that the automobile in question is not property of the debtor's estate because the debtor, on the date the petition was filed, had no interest in the automobile other than the right to redeem it from GMAC. *See* GMAC's memorandum of law, p. 4. To the

contrary, it is precisely this right to redeem, subject to the provisions of section 108(b), *infra,* of the Code, that is property of the debtor's estate.[5] As we said in *Haines, supra:*

\* \* \* \* \* \*

[H]ere GMAC has more than a security interest in the automobile, it has possession of the automobile with the right to resell it. Further, by repossessing the automobile GMAC has cut off all rights of the debtor therein *save the right to redeem.* We agree with GMAC's assertion that nothing in the Code expands the interest which the debtor had in the automobile at the time of the filing of her petition. That interest was at that time limited to the right to redeem. (emphasis added).

10 B.R. at 859.

Consequently, we conclude that, because the debtor filed his chapter 13 petition during that period of time within which he could exercise his redemptive right, his right of redemption under section 626 A of the Vehicle Sales Act was property of the estate as of the date of the filing of the petition.

Nevertheless, we find section 108(b) of the Code to be the dispositive factor in this case. That section provides:

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

---

4. *See* 11 U.S.C. § 541(a)(1).

5. *See* 4 Collier on Bankruptcy, ¶ 541.07[3] at 541–29 (15th ed. 1982).

11 U.S.C. § 108(b).[6]

Counsel for the debtor erroneously contends that, because the debtor had a limited property interest (the right to redeem) on the date he filed his petition, the debtor could exercise his right of redemption over the life of the chapter 13 plan. (N.T. 5/18/82 at 20). We have previously held that a debtor's rights are not indefinitely extended by section 108(b) of the Code. *See In re Haines, supra; In re Discount Plywood Centers, Inc.,* 11 B.R. 866 (Bkrtcy.E.D.Pa. 1981). The relief that section 108(b) affords is limited. That section allows the debtor to exercise his right of redemption by the later of: (1) the end of the state law period (which would be February 5, 1981) or any extension of that period;[7] and (2) sixty (60) days after the order for relief was entered (which would be April 2, 1982). Since the second period is the longer, the debtor had only until April 2, 1982 to exercise his right of redemption. This he failed to do.

■ Consequently, since the debtor failed to avail himself of the redemption remedies provided him under section 626A of the Vehicle Sales Act within the time parameters of section 108(b) of the Code, the debtor lost all interest in the automobile in question. Therefore, since neither the automobile nor the right of redemption are any longer property of the estate, GMAC is entitled, under § 362(c)(1), to a modification of the automatic stay.[8]

---

6. Although the statute speaks in terms of giving the trustee an extension of time, the section would have equal force and effect when utilized by a chapter 13 debtor. Section 103 of the Code provides that chapters 1, 3 and 5 apply in a case under chapter 13.

7. Since § 108(b) expressly recognizes that the running of time may be suspended, some courts have held that § 362(a) of the Code stays the running of state law redemption periods until the stay is lifted or dissolved. *See, e.g.,* In re H & W Enterprises, 8 B.C.D. 1373 (N.D. Iowa, Eastern Div. 1982); In re Sapphire Investments, 9 B.C.D. 217 (D.Ariz.1982); In re Johnson, 7 B.C.D. 222 (D.Minn.1981). We re-

spectfully disagree with the view expressed by these courts and other courts expressing similar reasoning. We, however, conclude that any redemption period surviving after the filing of the petition for relief must be exercised within the specific time parameters of § 108(b).

8. (c) Except as provided in subsections (d), (e), and (f) of this section—
(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate.
11 U.S.C. § 362(c)(1).