**In re Joan Marie TITEL, Debtor.**

**TEKTRONIX EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,**

v.

**Joan Marie TITEL, and Albert Rau, as Trustee, Defendants.**

**Bankruptcy No. B–83–3225–A–PHX–RGM.**

United States Bankruptcy Court, D. Arizona.

Feb. 24, 1984.

Joseph C. McDaniel, Phoenix, Ariz., for debtor.

Cathy L. Reese, Phoenix, Ariz., for plaintiff, Tektronix Employees Fed. Credit Union.

## OPINION AND ORDER

### (Corrected)

ROBERT G. MOOREMAN, Bankruptcy Judge.

Pending before the court is the plaintiff's motion for relief from the automatic stay with respect to a 1980 Honda Prelude. The parties have stipulated that the nature of the estate's interest in the vehicle is at issue. The plaintiff has argued that, since the car was repossessed prior to the date the debtor filed her Chapter 13 petition, the estate's interest is limited to the right to redeem the car in accordance with A.R.S. § 44–3152 (U.C.C. § 9–506). The debtor has argued that the vehicle itself continues to be property of the estate.

The plaintiff relies upon the case of *Haines v. General Motors Acceptance Corp. (In re Haines),* 10 B.R. 856 (Bkrtcy.E.D.Pa. 1981). The *Haines* court looked to applicable state law to ascertain the debtor's rights in the collateral. It found that "by repossessing the automobile [the secured creditor] ... cut off all rights of the debtor therein save the right to redeem." *Id.* at 859. The progeny of *Haines* similarly found the debtor's rights to the possession and use of repossessed collateral limited by applicable state law, although some found broader rights than just the right to redeem. *See General Motors Acceptance Corp. v. Morgan (In re Morgan),* 23 B.R. 700 (Bkrtcy.E.D.Pa.1982); *General Motors Acceptance Corp. v. English (In re English),* 20 B.R. 877 (Bkrtcy.E.D.Pa.1982); *Lloyd v. General Motors Acceptance Corp. (In re Lloyd),* 18 B.R. 624 (Bkrtcy.E.D.Pa.1982). *But see Hardin v. Hardin (In re Hardin),* 16 B.R. 810 (Bkrtcy.N.D.Texas 1982) (The provisions of Chapter 13 authorize a debtor to reinstate an installment obligation that has been converted into a "lump sum demand obligation" under state law.).

The debtor urges that the court should be guided by the Supreme Court's recent decision in *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 10 B.C.D. 705, 76 L.Ed.2d 515 (1983), a case that was not considered in *Haines* or its progeny. In *Whiting Pools,* the United States Supreme Court found that the property seized by the I.R.S. prior to the filing of the debtor's Chapter 11 petition was subject to a turnover order pursuant to 11 U.S.C. § 542(a). The Court focused on the fact that ownership of the seized property did not transfer until the property was sold. 103 S.Ct. at 2316. The Court concluded that, while the Internal Revenue Service was entitled to adequate protection, it could not "withhold[ ] the seized property from the debtor's efforts to reorganize." *Id.* at 2317.

The Supreme Court indicated that its decision in *Whiting Pools* would not necessarily extend to cases brought under Chapter 13. *Id.* at 2315 n. 17. This court, however, finds no adequate principled basis for restricting the *Whiting Pools* decision to Chapter 11 cases alone. In a Chapter 11 reorganization, return of property essential to a business serves the congressional objectives of enabling the business "to provide jobs, to satisfy creditors' claims, and to produce a return for its owners." *Id.* at 2312.

In this Chapter 13 case, the debtor has alleged that the use of the car is essential to her efforts to remain employed and to pay her creditors. Chapter 13 cases, in general, serve the congressional purpose of encour-

aging debtors to satisfy their creditors' claims. *See In re Weyand,* 33 B.R. 553, 557 (Bkrtcy.D.Colo.1983). Moreover, "Congress fully expected that ... the [Chapter 13] debtor would be allowed to retain property by agreeing to repay his creditors to the extent possible over a specified period of time." *Id.*

In Arizona, a debtor's ownership interest in collateral seized by a secured creditor does not terminate until "the secured party has disposed of the collateral or entered into a contract for its disposition ... or [has discharged the obligation by retaining the collateral in satisfaction of the debt]." A.R.S. § 44–3152. The plaintiff has not alleged that any of these contingencies occurred before the petition was filed, and the automatic stay currently precludes the plaintiff from taking any action to terminate the debtor's ownership interest in the car. 11 U.S.C. §§ 362(a)(4) and 362(a)(5) (1982).

On the basis of the reasons espoused in *Whiting Pools,* then, the court is empowered to require that the vehicle be returned to the estate. This means that the estate has a possessory interest in the car, subject to providing the plaintiff with adequate protection for its use. *See* 11 U.S.C. § 363(e) (1982). A turnover order which made temporary provision for supplying the plaintiff with adequate protection was issued on November 15, 1983.

Based upon the foregoing,

IT IS ORDERED that the plaintiff's motion for partial summary judgment to the effect that the estate's sole interest in the 1980 Honda Prelude is the right to redeem pursuant to A.R.S. § 44–3152 is hereby denied.