In re Donald J. WEISER and his wife, Kathy R. Weiser, Debtors.

Donald J. WEISER and his wife, Kathy R. Weiser, Plaintiffs,

v.

PENNSYLVANIA NATIONAL BANK AND TRUST COMPANY, Defendant.

Bankruptcy No. 1–84–00405.

Adv. 1–84–0076.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 20, 1984.

Robert Sullivan, Jr., Lebanon, Pa., for plaintiffs.

Leroy Adams, Pottsville, Pa., for defendant.

## MEMORANDUM TURNOVER DENIED

ROBERT J. WOODSIDE, Bankruptcy Judge.

Donald J. Weiser and Kathy R. Weiser owned a 1983 pick-up truck which was encumbered by a purchase money security interest in favor of Pennsylvania National Bank (defendant). The defendant through self-help repossessed the Toyota on May 17, 1984 and on that same day sent to plaintiffs a letter notifying them of their right to redemption.

That notice requirement is found in section 23(D) of the Motor Vehicle Sales Finance Act of June 28, 1947, P.L. 1110, as amended 1973, Nov. 28 P.L. 356, No. 124, § 1., which provides as follows:

D. When repossession of a motor vehicle, which is the subject of an installment sale contract, is effected otherwise than by legal process, the holder shall immediately furnish the buyer with a written "notice of repossession" delivered in person, or sent by registered or certified mail directed to the last known address of the buyer. Such notice shall set forth the buyer's right as to reinstatement of the contract, if the holder extends the privilege of reinstatement and redemption of the motor vehicle, shall contain an itemized statement of the total amount required to redeem the motor vehicle by reinstatement or payment of the contract in full, shall give notice to the buyer of holder's intent to re-sell the motor vehicle at the expiration of fifteen (15) days from the date of mailing such notice, shall disclose the place at which the motor vehicle is stored, and shall designate the name and address of the person to whom the buyer shall make payment, or upon whom he may serve notice.

69 Pa.Stat. § 623(D) (Purdon, Supp.1984).

The Plaintiffs did not redeem the vehicle within the fifteen (15) days. They filed a Chapter 13 petition here on June 4, 1984, and on June 24, 1984 they filed a complaint for the return of the Toyota. The defendant filed an answer and new matter alleging that the Toyota was no longer property of the plaintiffs. The matter was scheduled for hearing but since there was no dispute of facts the parties agreed to have the Court decide the matter on briefs.

The effect of the failure to redeem a vehicle under the Motor Vehicle Sales Finance Act, is found in Section 26(A):

A. When the repossessed motor vehicle under an installment sale contract is not redeemed by the buyer either by termination or reinstatement of the contract within the fifteen (15) day notice of redemption period, the buyer shall forfeit all claim to such motor vehicle and collateral security.

69 Pa.Stat. § 626(A) (Purdon, 1967).

In the case of *In re Morgan*, 23 B.R. 700 (Bkrtcy.1982), it was held that the debtor's right of redemption was property of the estate when a petition was filed within 15 days of the notice being sent. The *Morgan* court, however, limited this right of redemption to a period which expired sixty (60) days after the Order for Relief was granted.

Nevertheless, section 108(b) of the Code provides the dispositive factor in this case. That section provides:

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice or proof of claim or loss, cure. a default, or perform any other similar act, and such period has not expired before the date of filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

11 U.S.C. § 108(b).

The *Morgan* court further provided the following analysis:

Counsel for the debtor erroneously contends that, because the debtor had a limited property interest (the right to redeem) on the date he filed his petition, the debtor could exercise his right of redemption over the life of the chapter 13 Plan. We have previously held that a debtor's rights are not indefinitely extended by section 108(b) of the Code. *See In re Haines*, supra [10 B.R. 856 (Bkrtcy.E.D.Pa.1981)]; *In re Discount Plywood Centers, Inc.*, 11 B.R. 866 (Bankr.E.D.Pa.1981). The relief that section 108(b) affords is limited. That section allows the debtor to exercise his right of redemption by the later of (1) the end of the state law period ... or any extension of that period;[7] and (2) sixty (60) days after the order for relief was entered.... Since the second period is the longer, the debtor had only until April 2, 1982 to exercise his right of redemption. This he failed to do.

*In re Morgan*, 23 B.R. 702, 703.

In this case it is not necessary to determine whether § 1322(b)(5) would allow the debtors to cure the default over the life of the plan when their only interest at the time of filing is a right of redemption. Unlike the *Morgan* case, the debtors have filed their petition subsequent to the fifteen (15) day notice of redemption period and therefore the Toyota is not property of the estate under section 541 of the Code. The debtors' right of redemption had expired prior to the filing of their petition; consequently, no property rights of the debtors remained.

An appropriate order will be entered.