In re Louvenia T. ROBINSON, Debtor.

Louvenia T. ROBINSON, Plaintiff,

v.

WHITE ALLEN CHEVROLET, Defendant.

Bankruptcy No. 3–88–01479.
Adv. No. 3–88–0163.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 5, 1988.

Michael J. Ellerbrock, Dayton, Ohio, for plaintiff.

Alice H. Murray, Dayton, Ohio, for defendant.

George J. Ledford, Englewood, Ohio, Chapter 13 Trustee.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

### PROCEDURAL POSTURE

This matter is before the court upon a motion by defendant White Allen Chevrolet

for summary judgment against plaintiff/debtor Louvenia R. Robinson. Plaintiff's counsel has not filed a memorandum in response. Defendant's motion is not accompanied by an affidavit or other supporting document and, as such, is the equivalent of a motion for judgment on the pleadings. From the pleadings it appears that defendant is asserting an artisan's lien for work performed by it upon plaintiff's automobile prior to bankruptcy and refuses to return the automobile to the chapter 13 debtor until it has been paid in full. Plaintiff's complaint requests the court to find defendant in violation of the automatic stay provisions of 11 U.S.C. § 362 and to order· defendant to turn over the motor vehicle to plaintiff.

## CONCLUSIONS OF LAW

Fed.R.Civ.P. 56(c) provides that—

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In the instant proceeding two grounds exist for denying defendant's motion for summary judgment: 1) on the basis of the undisputed facts presently before the court, defendant is not entitled to judgment as a matter of law, and 2) not all of the facts necessary for a final adjudication have been submitted to the court in this adversary proceeding.

■ Initially, the court notes that under the facts disclosed in the pleadings, defendant has obtained an artisan's lien under Ohio law in the motor vehicle of plaintiff:[1]

[B]y the well settled provisions of the common law … an artisan who performs labor, lends skill, or furnishes material for the building or repair of chattel property has a lien upon the chattel to which he has contributed to his labor, skill, or material while he retains such chattel property in his possession. *Shearer v. Bill Garlic Motors, Inc.,* 59 Ohio App.2d 320, 324; 394 N.E.2d 1014, 1016 (Ohio Ct.App.1977) (quoting *Metropolitan Securities Co. v. Orlow,* 107 Ohio St. 583, 140 N.E. 306, 307 (1923)).

In its memorandum of law defendant takes the position that release of the automobile to the debtor is not justified without immediate payment to the defendant. However, in a case in which the IRS seized a debtor's property to satisfy a tax lien (prior to the filing of the debtor's reorganization petition), the Supreme Court found that Section 542(a) of the Bankruptcy Code requires a creditor "to seek protection of its interest according to the congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 212, 103 S.Ct. 2309, 2317, 76 L.Ed.2d 515 (1983).[2]

As does all bankruptcy law, § 542(a) modifies the procedural rights available to creditors to protect and satisfy their liens.... In effect, § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings. The Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and these rights replace the protection afforded by possession. *Id.* 462 U.S. at 206–207, 103 S.Ct. at 2314–2315.

■ Although defendant is not entitled to full payment prior to returning the automobile to plaintiff, it is entitled to adequate protection of its lien interest and it is this issue which involves facts which have not been submitted to the court in the adversary proceeding. To determine whether defendant will be adequately protected un-

---

**1.** Insufficient evidence is before the court to make a determination of the amount of the lien.

**2.** Although *Whiting Pools* was decided in the context of a chapter 11 proceeding, the decision is equally applicable to chapter 13 cases. *See,* e.g., *Associates Commercial Corp. v. Attinello* (*In re Attinello*), 38 B.R. 609 (Bankr.E.D.Pa.1984); *Tektronix Employees Federal Credit Union v. Titel* (*In re Titel*), 37 B.R. 173 (Bankr.Ariz.1984).

der the terms of the debtor's chapter 13 plan, it is necessary that evidence of detailing defendant's claim, the value of the automobile and the expected depreciation in value be placed before the court. In addition, because loss of possession ordinarily results in the termination of an artisan's lien, if the motor vehicle is to be returned to plaintiff certain orders must be issued to preserve and protect defendant's lien status until its claim is satisfied.

For the foregoing reasons, it is OR-DERED that defendant's motion for summary judgment is *DENIED*, and that counsel for plaintiff and defendant be prepared to identify the details of the defendant's claim, value of the automobile and rate of depreciation of value at the pretrial conference on *Thursday, September 1, 1988, at 10:30 A.M.*

IT IS SO ORDERED.

