**In re James CAMPBELL and Sondra Campbell, Debtors.**

**James CAMPBELL and Sondra Campbell, Plaintiffs,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

Bankruptcy No. 81–01708.
Complaint No. 81–0781.

United States Bankruptcy Court,
D. South Carolina.

April 20, 1982.

Harvey W. Burgess, Columbia, S. C., for plaintiffs.

Dalton H. Watkins, Columbia, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### FACTS

On May 26, 1978, the debtors signed an installment sales contract (the contract) with Greenbriar Toyota, Inc. (Greenbriar) for the purchase of an automobile. By the terms of the contract, Greenbriar retained a purchase money security interest in the automobile. Greenbriar assigned its right, title and interest in the contract to the defendant, General Motors Acceptance Corporation (G. M. A. C.).

After the debtors defaulted in their payments, G. M. A. C., on November 5, 1981, repossessed the automobile.

On November 13, 1981, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301, *et seq.*).

On December 10, 1981, the debtors filed, under 11 U.S.C. § 542(a)[1], a complaint to

---

1. 11 U.S.C. § 542(a): Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such proper-

compel G. M. A. C. to turn over the automobile to them, claiming that they have equity in the automobile which is exempt pursuant to 11 U.S.C. § 522(b)(1)[2] and S.C.Code § 15–41–200(2) (Supp.1981).[3]

Contending that the debtors have no right to relief under § 542, G. M. A. C. moved for a dismissal of the complaint.

### ISSUE

The issue is whether the automobile repossessed by G. M. A. C. is property of the estate as defined in 11 U.S.C. § 541(a)(1)[4] from which the debtor may claim an exemption pursuant to § 522(b)(1) and S.C. Code § 15–41–200(2) (Supp.1981), and, as such is subject to turnover pursuant to § 542(a).

Since the parties have not raised the issues of whether a Chapter 13 debtor may bring and maintain an action under § 542(a) or whether G. M. A. C. is a custodian subject to the trustee's turnover powers under 11 U.S.C. § 543(b)(1)[5], this court will not address those issues.

### DISCUSSION AND CONCLUSION

Whether property, seized by a creditor prior to a debtor's filing for relief under the Bankruptcy Code, is subject to the turnover provisions of the Bankruptcy Code is an issue which this court has previously decided. *Ford v. Southern Bank and Trust Company*, Case No. 81–01575, Complaint No. 81–0227 (B.Ct.D.S.C.1982):

In *Ford*, this court, based on the decision in *Cross Electric Company v. United States*, 664 F.2d 1218 (4th Cir. 1981), held that since property levied upon by a sheriff prior to the debtors' filing their petition for relief was no longer property of the estate as defined in § 541, therefore, not subject to turnover, the debtors' only rights in the seized property were those provided by state law.

In this case, as in *Ford*, the debtors' only rights in the property following the repossession by G. M. A. C. are those provided by state law, in this case the South Carolina Commercial Code.

Under South Carolina law, the debtors have the right to redeem the collateral. S.C.Code § 36–9–506 (1976).[6] If they choose not to redeem the collateral, it may be sold by G. M. A. C. but the sale must be "commercially reasonable", S.C.Code § 36–

---

ty is of inconsequential value or benefit to the estate.

2. 11 U.S.C. § 522(b): Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; * * *.

3. S.C.Code § 15–41–200: The following real and personal property of a debtor domiciled in this State shall be exempt from attachment, levy, and sale under any mesne or final process issued by any court or bankruptcy proceeding: * * * (2) The debtor's interest, not to exceed one thousand two hundred dollars in value, in one motor vehicle.

4. 11 U.S.C. § 541(a): The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located: * * * (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

5. 11 U.S.C. § 543(b): A custodian shall—(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and * * *.

6. S.C.Code § 36–9–506: At any time before the secured party has disposed of collateral or entered into a contract for its disposition under § 36–9–504 or before the obligation has been discharged under § 36–9–505(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses.

**44**

9–504(3) (1976)[7]; and the debtors are entitled to any surplus. S.C.Code § 36–9–504(2).[8]

Relying on *Ford* and the pertinent cases cited therein, this court concludes that since the automobile was lawfully repossessed prior to the debtors' filing their petition for Chapter 13 relief, it is no longer property of the estate subject to turnover and administration by the trustee; therefore, G. M. A. C. is free to pursue its state law remedies for the collection of its debt.

### ORDER

It is ORDERED, ADJUDGED AND DECREED that the complaint is hereby dismissed with prejudice, and judgment is granted to the defendant.

7. S.C.Code § 36–9–504(3): Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this State or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale.

8. S.C.Code § 36–9–504(2): If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency. But if the underlying transaction was a sale of accounts, contract rights, or chattel paper, the debtor is entitled to any surplus or is liable for any deficiency only if the security agreement so provides.