| | TOTAL NUMBER WHO WORKED ON CASE | TOTAL HOURS DEVOTED TO CASE | RANGE OF HOURLY RATES | TOTAL FEES REQUESTED | WEIGHTED AVERAGE HOURLY RATE | 50% REDUC-TION TO LODESTAR RATE ALLOWED | FINAL FEE ALLOWED |
|---|---|---|---|---|---|---|---|
| Associates | 3 | 3 | $ 75.00 | $ 225.00 | $ 75.00 | $ 37.50 | $ 112.50 |

Law Clerks
Para-Legals NONE

and Law
Students

TOTAL FEE ALLOWED  ....................$20,880.00

**In the Matter of BAY AREA SERVICES, Debtor.**

**Bankruptcy No. 82–43.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 30, 1982.

Stephen Kramer, Tampa, Fla., for debtor.

Marika Lancaster, Washington, D.C., for U.S.

Tom Sawyer, Plant City, Fla., for Bank of Columbia.

## ORDER ON OBJECTION TO CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 business reorganization case and the matter under consideration is an objection to the confirmation of the Debtor's proposed Plan of Reorganization filed by the United States of America (Government). The basis of the Government's objection to confirmation of the Plan of Reorganization filed by Bay Area Services, Inc. (the Debtor) is the Debtor's failure to provide for the payment of 20% interest in addition to the principal amount of an unsecured priority tax claim which the Debtor proposes to pay over a period of thirty-six (36) months after the effective date of the Plan. The Court having heard argument of counsel and reviewing the record in its entirety finds as follows:

On January 8, 1982, the Debtor filed a voluntary Petition for Relief under Chapter 11. On June 16, 1982, the Debtor filed a Plan of Reorganization which provides in pertinent part as follows:

The Class 1 Creditors of the Debtor are allowed pursuant to § 503(b) of the Code and each allowed claim entitled to priority pursuant to § 507 of the Code shall be paid in full upon the distribution date unless otherwise ordered by the Court, in cash or upon such other terms as may be agreed upon by the holder of such allowed expense or such allowed claim and the Debtor.

Class 1 is comprised of administrative and priority creditors under §§ 503(b) and 507 and the distribution date is defined as thirty-six (36) months after the effective date of the Plan.

The Government, on July 2, 1982, filed Proofs of Claim, asserting under § 503(b)(1)(B)(i), an administrative claim in the amount of $3,906.82 for employment taxes incurred by the estate and under § 507(a)(6)(D), a priority claim in the amount of $8,601.58 representing pre-petition employment taxes owed by the Debtor. There is no dispute regarding the treatment in the Plan of the Administrative Claim, as the Code pursuant to §§ 1129(a)(9)(A) and § 507(a)(1) requires payment in full upon the effective date of the Plan of Reorganization. The conflict and the threshold question before this Court is whether the Government, asserting an unsecured priority tax claim pursuant to § 507(a)(6) is entitled to the payment of a discount factor, where the Debtor's plan provides for payment of the principal balance not on the effective date of the Plan of Reorganization, but over a period of thirty-six (36) months as allowed by § 1129(a)(9)(C).

The Government contends that by virtue of § 1129(a)(9)(C), the Government is entitled not only to the "allowed amount" of its claim in the amount of $8,601.58, but also an additional amount based on a discount factor in order to compensate the Government for depreciation of the value of its claim due to the passage of time. In addition, the Government contends that § 502(b)(2) which prohibits allowance of unmatured interest on unsecured claims is not in conflict with § 1129(a)(9)(C) simply because the additional amount sought by the Government is nothing more than compensation for deferred payment and it is not allowance of unmatured interest but rather a discount factor. Accordingly, the Government urges that the proper discount rate is 20% on the deferred amount of the unsecured claim in accord with § 6621 of the Internal Revenue Code which provides the means for determining the interest rate to be assessed by the IRS on delinquent taxpayer liabilities.

The Debtor, of course, contends that the Government is not entitled to the additional sums sought and relies primarily on the case of *In re Burgess Wholesale Manufacturing Opticians Co.,* 16 B.R. 733 (Bkrtcy.N.D.Ill.1982) which held that there is no entitlement to post-petition interest on unsecured tax claims in a Chapter 11 pro-

ceeding so long as other unsecured creditors are not paid in full. Recognizing the case as one of first impression, the Court noted the need to consider the "language of the Code, the intent of the draftsmen and the applicable sections of the prior Bankruptcy Act," in order to resolve the question. While this Court agrees with Judge Hertz as to the proper method of analysis to be employed in construing the statute, this Court does not find the reasoning or result of *Burgess* to be persuasive in light of the clear language of the Code and the attendant legislative history. Thus, this Court finds that the Government is entitled to the inclusion in the Plan of a discount factor on the deferred payment of an unsecured priority tax claim in a Chapter 11 reorganization for the following reasons:

Under the Bankruptcy Act of 1898, federal tax claims were given priority status and pursuant to § 376, 11 U.S.C. § 776 (1970) repealed 1978, the Bankrupt was required to place on deposit all sums necessary to pay priority claims prior to confirmation of the Plan of Arrangement unless the Government waived its right to payment in full as condition precedent to confirmation.

■ The enactment of the Bankruptcy Code of 1978, 11 U.S.C. § 101 et seq., however, resulted in several radical departures from pre-Code law.

Section 1129(a)(9)(C) of the Bankruptcy Code provides:

(a) The Court shall confirm a plan only if all of the following requirements are met:

(9) Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

(c) with respect to a claim specified in § 507(a)(6) of this title, the holder of such claim will receive on account of such claim *deferred payments, over a period not exceeding six years after the date of assessment of such claim of a value* as of the effective date of the plan, *equal to the allowed amount of such claim.* (emphasis supplied)

Despite the historic reluctance to allow post-petition interest in bankruptcy, *In re Vaughan,* 292 F.Supp. 731 (E.D.Ky.1968); *U.S. v. General Engineering and Manu. Co.,* 188 F.2d 80 (8th Cir.1951); *New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949), the clear language of the Code, § 1129(a)(9)(C), provides for the deferred satisfaction of certain unsecured priority tax claims so long as the payment period does not exceed six years. Further, this Section unequivocally states that the deferred cash payments must be of a *value equal to* the allowed amount of such claim.

Although the legislative history of § 1129(a)(9)(C) is very general and not particularly enlightening, the legislative history relating to the then proposed § 1124 sheds light on the overall legislative intent:

'Value, as of the effective date of the plan,' as used in Paragraph (3) and in proposed 11 U.S.C. 1179(a)(7)(13), *1129(a)(9),* . . . ., indicates that the *promised payment under the plan must be discounted to present value as of the effective date of the plan.* (emphasis supplied) H.R.Rep. No. 95–595, 95th Cong. 1st Sess. p. 408 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6364.

Further, Collier notes in a section entitled, "Discounted Future Payments," that "while the House Report is helpful in describing the operation of the discounting process, it is not particularly helpful in assisting the courts in determining what constitutes an appropriate discount rate." Within the text of this particular discussion on value and discounting problems, there is a direct reference to § 1129(a)(9)(C) as one of the Code sections to which the discounting process is applicable. 5 *Collier on Bankruptcy,* ¶ 1120.03 n. 47 (1982).

Admittedly, the drafters of the Bankruptcy Code did not include a lengthy or specific explanation of the use a discount rate allowed for deferred payment of unsecured priority tax claims as contemplated by § 1129(a)(9)(C). However, the implication of the legislative history only supports the clear language of the Code itself. Section 1129(a)(9)(C) of the Bankruptcy Code

states that the holder of a claim of a kind specified in § 507(a)(6) (certain unsecured claims of Governmental units) will receive deferred cash payment for a period not exceeding six years of a value equal to the allowed amount of the claim. Thus, this Court is satisfied that in this case, the Government is entitled to a discount rate in addition to the principal amount of the allowed claim.

 The question of the proper discount rate to be applied where, as here, an unsecured priority tax claim is to be paid over a period of thirty-six (36) months possess a more difficult problem. As noted above, the Government urges the Court to adopt § 6621 of the Internal Revenue Code and to approve the assessment of a 20% discount rate. In support of the Government's position that 20% is the appropriate discount rate, the Government cites authority for the proposition that interest rates may be determined by considering certain salient variables of any given transactions i.e. type of claim involved and rate that could be obtained by a creditor making a loan to a third party with similar terms. 5 *Collier on Bankruptcy,* ¶ 1129.03 at 1129–62, 63, 65. Further, there must be recognition of the fact that to achieve the present value of a claim as of the effective date of the plan interest at a current rate rather than a static rate is required. The Court agrees with the principles stated above, but does not agree that 20% is the correct discount rate merely because the IRS applies a 20% across the board interest rate to delinquent federal tax claims. Whereas the 20% rate may be particularly appropriate when assessed against delinquent federal tax claims, it looms static and arbitrary when applied to the deferred payment of an unsecured priority tax claim where the primary intent is provide the Government with a future amount equal in value to an amount paid in full upon the effective date of the Chapter 11 Plan of Reorganization.

The Court is satisfied that the Government is entitled to the inclusion of a discount factor in a Chapter 11 Plan of Reorganization which pursuant to § 1129(a)(9)(C) provides for the deferred payment of a § 507(a)(6) unsecured priority tax claim. In this connection, the discount rate to be applied shall be calculated in accord with industry practice for determining present value of claim, i.e. the current prevailing prime rate plus 10% adjustment for inflation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Confirmation of Plan filed by the United States of America be, and the same hereby is, sustained. It is further

ORDERED, ADJUDGED AND DECREED that confirmation of the Plan of Reorganization filed by Bay Area Services, Inc. be, and the same hereby is, denied without prejudice. The Debtor shall have 15 days in which to file an Amended Plan of Reorganization in accordance with the foregoing opinion.