**In re Junius ANDERSON, Jr., Debtor.**

**Junius ANDERSON, Jr., Plaintiff,**

v.

**ASSOCIATES COMMERCIAL CORPORATION, Defendant.**

**Bankruptcy No. 83–00068–R.**
**Adv. No. 83–0017–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 18, 1983.

George W. Sadler, Jr., Richmond, Va., for plaintiff.

David C. Dorset, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Junius Anderson, Jr., the debtor herein, of a complaint to compel turnover of property in the possession of Associates Commercial Corporation. After notice and hearing and upon the submission of briefs this Court makes the following determination.

### STATEMENT OF FACTS

Junius Anderson, Jr. (Anderson) executed a conditional sales contract and security agreement with Truck Enterprises Richmond, Inc. on April 13, 1981, in which he purchased a 1979 Kenworth tractor. Subsequently, Truck Enterprises Richmond, Inc.

(Truck Enterprises) assigned its interest in the contract to Associates Commercial Corporation (Associates) and Associates perfected its security interest in the vehicle.

Anderson defaulted in making the installment payments pursuant to the sales contract and Truck Enterprises repossessed the vehicle on December 27, 1982. On December 29, 1982, Associates gave Anderson notice that they would sell the tractor on January 25, 1983. Anderson filed a petition under Chapter 13 of the Bankruptcy Code on January 18, 1983, and the sale of the vehicle was enjoined by the operation of 11 U.S.C. § 362.

The parties agree $38,555.00 is the fair market value of the tractor. Anderson must pay $39,951.31 to redeem it. This amount includes not only the outstanding balance due under the sales contract, but also $260.00 Truck Enterprises spent in repossessing the vehicle and returning it to Richmond and $4,160.23 Truck Enterprises spent repairing the vehicle in order to return it to Richmond. Anderson is a truck driver and needs the truck in order to carry on his business and thereby effectuate his Chapter 13 plan.

## CONCLUSIONS OF LAW

■ Anderson brings this complaint pursuant to 11 U.S.C. § 542 which provides in pertinent part

"... [a]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such prop-

erty or the value of such property, unless such property is of inconsequential value or benefit to the estate." [1]

Anderson contends that his interest in the tractor is property of the estate which may be recovered and brought into the estate through these provisions of the Bankruptcy Code. Outside of the purview of the bankruptcy laws, Anderson's sole interest in the truck after its repossession and prior to its sale is that of redemption.[2] 11 U.S.C. § 541 defines "property of the estate" broadly and includes as property of the estate "... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor's right of redemption is clearly within the purview of this section and is property of the estate which a bankruptcy court may compel an entity in possession to turn over. Anderson, as a Chapter 13 debtor, retains the right in the instant case to redeem the tractor by tendering fulfillment of all the obligations secured by the collateral plus reasonable expenses incurred by the secured creditor in repossessing and transporting the vehicle. *In re Gunder,* 8 B.R. 390, 393 (Bkrtcy.S.D. Ohio 1980).

Associates contends that the vehicle is no longer property of the estate and therefore is not subject to a turnover order of this Court. Associates relies on *Cross Electric Company, Inc. v. United States,* 664 F.2d 1218 (4th Cir.1981) in which a Chapter 11 debtor sought to obtain a turnover order to recover accounts receivables which had been levied upon by the Internal Revenue Service prior to the filing of the debtor's reorganization petition. In *Cross Electric* the court concluded that the Internal Reve-

---

1. Note that the Eleventh Circuit Court of Appeals recently held in *Flournoy v. City Finance of Columbus, Inc.,* 679 F.2d 821 (11th Cir.1982), that a secured creditor is not a custodian pursuant to the definition of custodian found in 11 U.S.C. § 101(10)(C) and, therefore, the trustee could not proceed under 11 U.S.C. § 543 to require a secured party which had repossessed its collateral to deliver it to the trustee.

2. *Virginia Code* 8.9–506 provides debtors the right to redeem collateral "at any time before the secured party has disposed of collateral or

entered into a contract for its disposition under § 8.9–504 or before the obligation has been discharged under § 8.9–505(2) ...." In order to redeem collateral the debtor must tender "... fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses." *See, Va.Code Ann.* § 8.9–506.

nue Service's levy on the debtor's accounts receivables resulted in a transfer to the government of the indebtednesses those accounts represented. The debtor's interest in the accounts receivables was property of the estate, and the court concluded the Chapter 11 debtor's rights to a turnover order were limited by the debtor's interest in the accounts receivables at the time the debtor filed his bankruptcy petition. The court held that the debtor was not entitled to a turnover order because he had no intent to redeem the accounts receivables.[3] Associates' reliance on *Cross Electric Company* is misplaced. The court refused to grant the requested turnover order because the debtor did not propose to redeem the property. In the instant case, unlike in *Cross Electric*,[4] the debtor has the opportunity to de-accelerate the secured note, and cure default and is not limited solely to pursuing the redemption method to recover the vehicle. *See,* 11 U.S.C. § 1322(b)(3).

■ The defendant also cites *In re Haines,* 10 B.R. 856 (Bkrtcy.E.D.Pa.1981) in which, in fact situation similar to the one found in the instant case, the court concluded that the debtor could obtain a turnover order requiring the repossessing creditor to return her automobile only if the debtor tendered payment to the creditor of the redemption value of the automobile. The court based its decision on Pennsylvania law which provides that the title holder of a repossessed automobile has only the option of redeeming the automobile by paying full value to the creditor or by treating the sales contract as terminated. In *Haines,* the court ignored the right of Chapter 13 debtors to provide in their plans for the curing of defaults. 11 U.S.C. § 1322(b)(3) provides debtors with the right to cure defaults and thereby negates the effect of acceleration

clauses. *Gunder* at 393. The right to cure default and reinstate an accelerated note is granted by federal bankruptcy law and cannot be frustrated by the law of any state. *In re Taddeo,* 685 F.2d 24, 28 (2d Cir.1982). By allowing debtors to cure defaults in cases in which there is still a right of redemption under state law, this section furthers the intent of Chapter 13 which is to facilitate debtor rehabilitation while protecting the rights of creditors. *Taddeo* at 29; *In re Kokkinis,* 22 B.R. 353, 355 (Bkrtcy. N.D.Ill.1982). Other courts with factual situations identical to that found in the instant case are in accord. *See, In re King,* 14 B.R. 316 (Bkrtcy.M.D.Tenn.1981); *In re Brickel,* 11 B.R. 353 (Bkrtcy.D.Me.1981); *In re Williams,* 6 B.R. 789 (Bkrtcy.E.D.Mich. 1980). In each of these cases the courts concluded that the debtors' right to redeem their property was a part of the bankruptcy estate.

■ Associates has filed a counterclaim asking for relief from stay pursuant to 11 U.S.C. § 362 in order to sell the vehicle or in the alternative for adequate protection of its interest in the vehicle pursuant to 11 U.S.C. § 363(e). 11 U.S.C. § 363(e) provides that a secured creditor is entitled to adequate protection of its collateral which is being used, sold, or leased by a trustee or a debtor. In light of the sums Truck Enterprises spent to repossess, repair, and return Anderson's tractor to Richmond and in light of the fair market value of the tractor which is more than $1000.00 less than that amount which the parties stipulated Anderson would have to pay to redeem the tractor, return of the vehicle to Anderson should be contingent on the submission of adequate protection of that collateral by Anderson. Anderson's payment to Associ-

3. The court in *Cross Electric* noted that after the Internal Revenue Service levied on the accounts receivables, the Chapter 11 debtor "retained the right to redeem the property by paying 'the amount due, together with the expense of the proceeding ....'" The court denied the relief requested because the debtor indicated no intention to redeem the property. *Cross Electric* at 220–221. *See also, In re Campbell,* 20 B.R. 42 (Bkrtcy.D.S.C.1982) (the

court relying on *Cross Electric* wrongly concluded a repossessed vehicle was no longer property of the estate although under South Carolina law the debtor still possessed the right to redeem the collateral.)

4. The debtor's right to cure default and de-accelerate the note pursuant to 11 U.S.C. § 1322(b) is discussed *infra.*

ates of the sums expended in repossessing and repairing the vehicle and in returning that vehicle to Richmond, his timely payment of all installments as provided for in the security documents, and the debtor's curing of all delinquent installment payments within twelve months of the confirmation date of the debtor's Chapter 13 plan would constitute adequate protection of Associates' interest in its collateral.

This Court concludes that if the debtor complies with the order which accompanies this opinion as outlined above, then Associates' interest in the collateral will be adequately protected. Because Associates' interest in the collateral would then be adequately protected and because this property is essential to the debtor's reorganization this Court will deny Associates' counterclaim for relief from stay.

An appropriate Order will issue.