**In re HERNANDO APPLIANCES, INC.,
d/b/a Crest Paint and Decorating.**

**Bankruptcy No. E82–20183.**

United States Bankruptcy Court,
N.D. Mississippi.

Dec. 30, 1983.

David A. Gustafson, Hernando, Miss., for Hernando Appliances, Inc.

U.S. Atty. Glen Davidson and Asst. U.S. Atty. Patricia D. Rogers, Oxford, Miss., for Government of U.S.A.

OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

CAME ON to be heard the Objection to Proposed Plan of Reorganization and Disclosure Statement filed by the Government of the United States of America, Department of the Treasury, Internal Revenue Service, by and through the Office of the United States Attorney, Northern District of Mississippi, on proof in Open Court, on arguments of counsel, on appropriate memoranda of law submitted by both parties

hereto, and the Court having heard and considered same, finds as follows, to-wit:

## I.

All post-petition taxes and assessments shall be paid when due in conformity with the previous Order of this Court, dated December 20, 1982. Failure to comply with said Order shall result in this case being dismissed or converted to a Chapter 7 liquidation proceeding.

## II.

Initially, this Court misread the proof of claim filed by the Government. Rather than Schedule A being a continuation of the listing of unsecured priority claims, on a closer reading, the Court finds that it is the listing of claims secured by perfected federal tax liens. Even the claims docket, prepared by the Office of the Clerk, reflected all filings in the priority category. Therefore, as to the pre-petition claims, the Court finds that said claims are filed as follows:

| CLASSIFICATION | TAX ASSESSED | INTEREST | PENALTY | TOTAL |
|---|---|---|---|---|
| Secured | $11,898.72 | $2,520.44 | $4,416.16 | $18,835.32 |
| Unsecured | | | | |
| Priority | 6,858.49 | 574.86 | 626.65 | 8,060.00 |
| | | | | $26,895.32 |

## DISCUSSION OF PENALTIES:

 Pre-petition tax penalties that are punitive in nature and not evidenced by recorded federal tax liens encompassing otherwise unencumbered properties of the Debtor, are unsecured, non-priority claims, to be treated like other unsecured claims under the Plan. *In re: Coleman American Companies, Inc.*, 26 B.R. 825 (Bankr. D.Kan.1983). *In re: Program Management and Design Associates, Inc.*, 25 B.R. 144 (Bankr.D.Mass.1982).

 In this case, although the penalties are obviously related to priority tax claims, the Court can ascertain no pecuniary loss to the Government and consequently finds that the penalties are punitive in nature. Had the penalties been the results of actual pecuniary losses to the Government, then the penalties, even if unsecured by a pre-petition tax lien, would be entitled to the same treatment as unsecured priority taxes and related interest.

## DISCUSSION OF SECURED CLASSIFICATION:

That inasmuch as the federal tax liens recorded pre-petition, constitute general liens applicable to any properties in which the Debtor has an unencumbered equity, the treatment of the related claims, which includes the assessed tax, interest, and penalties, depends on the valuation applied to said property or properties. To the extent that the claims exceed the valuation of the properties, the tax and the interest shall be treated in the same manner as Section 507(a)(6) unsecured priority claims, but the applicable penalty shall be treated as general unsecured, non-priority claims. A present value concept, discussed hereinbelow, shall be applied to the claims falling into the secured or unsecured priority classification; however, the present value concept shall not be applicable to any amount of the penalty claims falling into the unsecured non-priority classification.

So that there will be no misunderstanding, in the event that the valuation of the properties is sufficient to secure the full penalty portion of the claims filed as secured, the penalty will be treated the same as the assessed tax and interest. However, if the valuation of the properties is insufficient, the penalty portion of the filed secured claim shall be treated as an unsecured non-priority claim to the extent that it exceeds the valuation.

Therefore, the valuation of the security shall be determinative as to the overall treatment of the claims, classified as secured because of the pre-petition tax liens. The Debtor must now propose an answer to the valuation question. To the extent that the valuation exceeds or equals the tax

lien claims, the present value concept shall be applied consistent with the nature or the type of the security. This application does not necessarily invoke Section 1129(a)(9)(C), which applies to unsecured priority taxes and interest, exclusive of penalties, discussed below. The taxes, interest, and any portion of a penalty, actually secured by property or properties of the Debtor, could well be treated in conformity with the concept outlined in Section 1129(b)(2)(A)(i)(II).

### DISCUSSION OF UNSECURED PRIORITY CLASSIFICATION:

■ As to the unsecured priority claims, both the tax assessed and the interest should be afforded a present value treatment pursuant to Section 1129(a)(9)(C). However, since the penalty related thereto is solely punitive in nature, it should be treated as an unsecured non-priority claim.

### III.

Since the majority of the claims in this case are classified or will ultimately be treated as unsecured priority tax claims, Section 1129(a)(9)(C) of the Bankruptcy Code provides as follows:

(a) The court shall confirm a plan only if all of the following requirements are met

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that

(C) with respect to a claim of a kind specified in section 507(a)(6) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

Without question, a present value concept should be applied to the deferred payments in order that the amount paid through the course of the plan equals the allowed amount of the claim as of the effective date of the plan. To accomplish this result, a discount factor (interest) should be added to the allowed claim. See *In re Bay Area Services*, 26 B.R. 811, 10 B.C.D. 101 (Bankr.M.D.Fla.1982); as well as, *In re Moore*, 25 B.R. 131, 9 B.C.D. 1246 (Bankr.N.D.Tex.1982). This Court specifically holds that a discount factor is not a claim for unmatured interest, the allowance of which is prohibited by 11 U.S.C. Section 502(b)(2).

As to the rate to be applied as a discount factor, counsel for the Government has indicated that a rate of eleven percent (11%) per annum, applied to the Government's claim, would be satisfactory. Under the current economic conditions and after reviewing 28 U.S.C. Section 1961(a), discussed below, the Court is of the opinion that said rate adequately meets the criteria set forth in *In re Southern States Motor Inns, Inc.*, 709 F.2d 647 (5th Circuit—1983), which held, inter alia, that the appropriate discount rate must be determined on the basis of the rate of interest which would be reasonable in light of the risks involved. Thus, in determining the discount rate, the Court must consider the prevailing market rate for a loan of a term equal to the payout period with due consideration of the quality of the security and the risk of subsequent default.

However, for future guidance in determining a discount rate, this Court looks to *In re Connecticut Aerosols, Inc.*, 31 B.R. 883, 10 B.C.D. 1207 (Bankr.D.Conn.1983) and *In re Tacoma Recycling*, 23 B.R. 547 (Bankr.W.D.Wash.1982), both of which accepted the rate established by 28 U.S.C. Section 1961(a), which is pegged to United States Treasury Bills as adjusted every four weeks. That although this rate shall not be solely determinative, it will be considered by the Court as one factor in establishing a fair discount rate along with the criteria outlined above in *Southern States Motor Inns.*

An Order will be entered consistent with this Opinion.