**In the Matter of John A. WILLIAMS, Jr. and Deloris Williams.**

**John A. WILLIAMS, Jr. and Deloris Williams, Plaintiffs,**

**v.**

**GUARANTY AGRICULTURAL CREDIT CORPORATION, Defendant.**

**Bankruptcy No. T84–40082.**
**Adv. No. 84–4145.**

United States Bankruptcy Court,
N.D. Mississippi.

Oct. 26, 1984.

Fredrick B. Clark, Greenwood, Miss., for plaintiffs.

Douglas J. Smith, Jr., Robertshaw & Merideth, Greenville, Miss., for defendant.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

CAME ON to be heard and was heard the complaint for recovery and redemption of property filed by the Plaintiffs, John A. Williams, Jr., and Deloris Williams, against the Defendant, Guaranty Agricultural Credit Corporation; answer filed by said Defendant; all parties being represented by their respective attorneys of record; on proof before the Court; and the Court having heard and considered same, finds as follows, to-wit:

### I.

The Debtors filed their Chapter 13 bankruptcy case on May 2, 1984, at approximately 4:30 p.m. The Debtors are indebted to the Defendant effective October 17, 1984, in the total amount of $65,139.61, plus interest accruing thereafter at the rate of $20.50 per day. The indebtedness is secured by a first lien on certain items of farm machinery and equipment, a second lien on 80 acres of agricultural real property, and a third lien on the Debtors' residence. Although the testimony was relatively imprecise, the Debtors evaluated the Defendant's security interest as follows: farm machinery and equipment—$40,000.00; 80 acres of agricultural real property—$80,000.00, less a priority indebtedness in favor of Federal Land Bank in the sum of approximately $51,000.00, or a net security interest with a value of $39,000.00; and residential real property—$40,000.00, less two priority indebtednesses to Farmers Home Administration and Guaranty Bank and Trust Company in the total sum of approximately $29,000.00, or a net security interest evaluation of $11,000.00. According to the Debtors, therefore, the total value of the collateral securing the Defendant's indebtedness is approximately $80,000.00. The Defendant's testimony reflected a total evaluation of the collateral interest in the sum of approximately $48,000.00, i.e., farm machinery and equipment—$25,000.00; 80 acres agricultural real property—$64,000.00, less the priority indebtedness in favor of Federal Land Bank in the sum of $51,000.00, or a total security interest valuation of $13,000.00; and a security interest valuation in the residential real property in the sum of approximately $10,000.00, considering the priority obligations owed to Farmers Home Administration and Guaranty Bank and Trust Company.

### II.

Several hours prior to the Debtors' filing their bankruptcy petition, on May 2, 1984, at approximately 8:30 a.m., the Defendant repossessed the aforementioned items of farm machinery and equipment. Since the actual act of repossession occurred prior to filing, there was no violation of the automatic stay provisions found in 11 USC § 362(a). However, since there was no disposition of the farm machinery and equipment prior to filing by the Debtors, the automatic stay has prohibited the Defendant from taking any further action as to this collateral. See 11 USC § 362(a)(4) and (5). The Defendant in its responsive pleading has asked this Court to lift the automatic stay so that it might pursue its remedies in this collateral. On the other hand, the Debtors seek to recover the farm machinery and equipment which they contend is necessary for their farming operations, as well as, the effective implementation of their Chapter 13 plan.

### III.

The Debtor, John Williams, Jr., testified that he is currently farming approximately 340 acres of land which is fully planted with soybeans. Williams indicated that he anticipates an average yield per acre of 25 bushels and advised that the current market rate for soybeans is $6.30 per bushel. According to Williams, the crop will be ready for harvesting in the near future. Williams has never owned harvesting equipment, so annually he is required to utilize the services of custom harvesters who charge, according to the Defendant's representative, for harvesting services the sum of approximately $.75 per bushel. The

items of equipment repossessed by the Defendant are not necessary to the harvesting activities, but are essential to land preparation and planting which the Debtors will undertake at the conclusion of the soybean harvest, specifically the planting of a proposed winter wheat crop. From the testimony, it is apparent that the Debtors fully intend to continue their farming activities and anticipate that the income therefrom will be utilized as an essential ingredient in their Chapter 13 plan. The testimony also revealed that for the Debtors to break even or realize a profit from the farming activities that a yield of between 25 bushels to 30 bushels per acre must be produced. The Court is of the opinion that the wisdom of the decision to continue farming will largely be dictated by the actual yields of the current soybean crop. However, at the present time, the Court is left with the inescapable conclusion that the Debtors will require the use of the repossessed farm equipment if they are to have a reasonable chance to succeed as they presently propose.

## IV.

As mentioned hereinabove, although the defendant has repossessed the farm machinery and equipment, it has not disposed of same or entered into a contract for such disposition, so consequently, the Debtors retain a statutory right of redemption pursuant to § 75–9–506, Mississippi Code of 1972, as amended, which reads as follows, to-wit:

§ 75–9–506. Debtor's right to redeem collateral.

At any time before the secured party has disposed of collateral or entered into a contract for its disposition under Section 9–504 [§ 75–9–504] or before the obligation has been discharged under Section 9–505(2) [§ 75–9–505(2)] the debtor or any other secured party may after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral then due or past due (excluding any sums that would not then be due except for an acceleration provision) as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses.

■ The right to redeem the farm machinery and equipment creates a property interest in favor of the Debtors as contemplated by 11 USC § 541(a)(1), which reads as follows, to-wit:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Since by virtue of the right of redemption, the Debtors own a legal interest in the repossessed collateral, the Debtors are permitted through the interaction of 11 USC § 1303, 1304, and 542(a) to seek recovery of this property. The text of these sections is set forth as follows, to-wit:

§ 542. Turnover of property to the estate

(a) Except as provided in subsection (c) or (d) of this section, an entity other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

§ 1303. Rights and powers of debtor

Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(1), of this title.

§ 1304.   Debtor engaged in business

(a) A debtor that is self-employed and incurs trade credit in the production of income from such employment is engaged in business.

(b) Unless the court orders otherwise, a debtor engaged in business may operate the business of the debtor, and, subject to any limitations on a trustee under sections 363(c) and 364 of this title and to such limitations or conditions as the court prescribes, shall have, exclusive of the trustee, the rights and powers of the trustee under such sections.

(c) A debtor engaged in business shall perform the duties of the trustee specified in section 704(7) of this title.

Support for this reasoning and conclusion is found in a case factually similar to the case before the Court, *In Re: Anderson*, 29 B.R. 563 (Bkrtcy. ED Va.—1983).

### V.

The Debtors have proposed to pay the Defendant in their Chapter 13 plan the total sum of $48,000.00, payable at the rate of $800.00 per month for 60 consecutive months. That although the Debtors have the right to cure the current default in their indebtedness to the Defendant pursuant to 11 USC § 1322(b)(3), the proposed treatment of the indebtedness owed the Defendant cannot be reconciled with the requirements of 11 USC § 1325(a)(5) which provides, inter alia, that with respect to an allowed secured claim that the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim shall not be less than the allowed amount of such claim. Succinctly stated, in order for a plan to be confirmed, the secured creditor must be paid over the course of the plan the present value of the collateral securing the indebtedness. To accomplish this result, a present value factor (interest) should be applied to the deferred payments in order that the amount paid through the course of the plan equals the allowed amount of the claim as of the effective date of the plan. See *In Re: Bay Area Services*, 26 B.R. 811, 10 B.C.D. 101 (Bkrtcy. MD Fla.—1982), as well as, *In Re: Moore*, 25 B.R. 131, 9 B.C.D. 1246 (Bkrtcy. ND Tx.—1982). For guidance in determining a fair present value rate, see *In Re: Southern States Motor Inns, Inc.*, 709 F.2d 647 (11th Circuit—1983); *In Re: Connecticut Aerosols, Inc.*, 31 B.R. 883, 10 B.C.D. 1207 (Bankr.D.Conn.—1983); and *In Re: Tacoma Recycling*, 23 B.R. 547 (Bankr.W.D.Wash.—1982). The allowed amount of the secured claim corresponds directly to the value of the collateral securing the indebtedness. See 11 USC § 506(a). Although as noted hereinabove, there was valuation testimony presented at the hearing, the Court is not convinced by the quality of the testimony that this issue has been satisfactorily resolved. In addition, as appropriately set forth in *In Re: Anderson*, supra, if the Debtors are to retain possession of the items of farm machinery and equipment, the Defendant should be afforded adequate protection pursuant to 11 USC § 363(e).

### VI.

There is no question that the plan, as currently proposed by the Debtors, must be amended to conform to minimum statutory requirements. As noted hereinabove, the repossessed equipment is not presently needed in connection with the Debtors' farming activities, although this need may change within the next several weeks. Because of these factors, the Court shall permit the Debtors to amend their Chapter 13 plan within twenty (20) days of the date of this Opinion to comply with the requirements of 11 USC § 363(e), 1322(b)(3), and 1325(a)(5). The Defendant shall have ten (10) days thereafter to file any objection to its treatment under the amended plan. If an objection is filed, an expedited hearing will be set by the Court for prompt resolution. If the Debtors are able to fashion a plan that meets the various requirements of the aforesaid Code sections, the Court will direct the return of the items of farm machinery and equipment to the Debtors. Otherwise, the Court will enter an Order lifting the automatic stay and permitting

the Defendant to pursue its legal rights in the collateral. Although the Court directs that each party consider the issue of the responsibility of the payment of the accrued storage charges, this matter will be reserved by the Court for a final determination subsequently.

A separate Order will be entered consistent with this Opinion.