89 B.R. 232 (1988)
In the Matter of MANUEL FAJARDO, M.D., P.A. d/b/a Tampa Family Practice Center, Debtor(s).
Bankruptcy No. 87-6352-8B1.
United States Bankruptcy Court, M.D. Florida. Tampa Division.
July 25, 1988.
Richard Prosser, Tampa, Fla., for debtor.
Catherine Peek McEwen, Tampa, Fla., Asst. U.S. Trustee, for Citizens & Southern Nat. Bank.

ORDER ON FINAL EVIDENTIARY HEARING ON MOTION TO USE CASH COLLATERAL
THOMAS E. BAYNES, Bankruptcy Judge.
THIS CAUSE came on for final evidentiary hearing upon Debtor's Motion for the Use of Cash Collateral. Upon hearing testimony, argument of counsel, reviewing the record and being otherwise duly advised in the premises, this Court makes the following findings of fact and conclusions of law.
The Debtor and another physician entered into a contract for the sale of the Debtor's medical practice. Pursuant to the contract, the purchasing physician made periodic payments to the Debtor. Thereafter, as part of its financial dealings with Citizens & Southern National Bank (C & S), the Debtor assigned this contract to C & S as collateral.
Prior to the filing of the bankruptcy, the Debtor went into default on several of its obligations to C & S Bank. The bank notified the Debtor and the purchasing physician of the default and demanded the purchasing physician make the contractual periodic payments directly to the bank. Notwithstanding the bank's demand, no payment was made to the bank under the assignment prior to the filing of the bankruptcy petition.
This Court previously determined C & S has a perfected security interest in the contract and ordered the Debtor to make adequate protection payments for the use of the cash collateral associated with that contract. The question presently raised by C & S relates to the Debtor's interest in the contract payments made by the purchasing physician. The bank contends the Debtor's authority to use cash collateral is controlled by state law. The bank argues that by its notifying the Debtor/Account Debtor of the default, C & S has exclusive control over the collection and application of those contract payments under Fla.Stat. § 679-9.502. Further, after collection C & S need only account to the Debtor for any surplus under Section 679-9.502(2). In effect, the bank argues that a notification under Section 679-9.502 has the same effect as the secured parties' disposition of collateral at sale or as a complete satisfaction of indebtedness as authorized under Fla.Stat. §§ 679-9.504 and 679-9.505. The Court agrees a creditor may exercise its rights under U.C.C. § 9-502 and eliminate the interest of the Debtor except for surplus. *233 However, it appears that in order for the creditor to get such a superior right over the Debtor's accounts or contract rights, there would have to be a commercially reasonable sale or collection and an accounting as required by U.C.C. § 9-502. See, Matter of Braten Apparel Corp., 68 B.R. 955 (Bankr.S.D.N.Y.1987).
The mere notification by C & S of its right to collect under Fla.Stat. § 679-9.502 was insufficient to eliminate all rights of the Debtor to the contract payment. Upon the commencement of this bankruptcy case, C & S was stayed under Title 11 U.S.C. § 362 from exercising its rights to collect under the contract. The automatic stay would have a similar effect where a bank seeks to exercise its rights in collateral under U.C.C. §§ 9-504 or 505. See, Williams v. Guaranty Agricultural Credit Corp. (Matter of Williams), 44 B.R. 422 (Bankr.N.D.Miss.1984); In re Montgomery, 29 B.R. 609 (Bankr.E.D.N.C.1983).
Accordingly, it is
ORDERED, ADJUDGED AND DECREED that the rights of the Debtor in the contract with the purchasing physician were not eliminated by the mere notification by Citizens & Southern National Bank of its right to collect under the security agreement and financing statement.