**398**

In re Sheila G. MATTHEWS, Debtor.

Sheila G. MATTHEWS, Plaintiff,

v.

WORLD OMNI FINANCIAL
CORPORATION, Defendant.

Bankruptcy No. 89–00947.

Adv. No. 89–8075.

United States Bankruptcy Court,
D. South Carolina.

Aug. 11, 1989.

Marvin G. Frierson, Columbia, S.C., for plaintiff.

G.D. Morgan, Jr., Columbia, S.C., for defendant.

## ORDER

WILLIAM THURMOND BISHOP,
Bankruptcy Judge.

Before the court is the adversary complaint of the debtor, Sheila G. Matthews, for the turnover of a 1986 Toyota Corolla held by the creditor, World Omni Finance Corporation (World Omni). The debtor claims that it is entitled to possession of the automobile pursuant to 11 U.S.C. § 542(a).[1,2] World Omni asserts that the automobile is of inconsequential value to the estate, therefore not subject to turnover. World Omni further asserts that the automobile is not property of the estate pursuant to § 541.[3]

### FINDINGS OF FACT

The debtor and World Omni entered into a purchase money security agreement for the purchase of a 1986 Toyota Corolla on July 9, 1988. On March 6, 1989, World Omni repossessed the automobile due to the debtor's failure to make payments. The debtor filed her Chapter 13 petition for relief on March 15, 1989. The automobile had not been sold prior to the filing of the petition. It remains in the possession of World Omni.

The debtor owns no other vehicle and needs this automobile for transportation to and from work.

### CONCLUSIONS OF LAW

The debtor contends that she has an interest in the automobile sufficient to

---

1. Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be by section number only.

2. Section 542 states:
    (a) ... an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property,

unless such property is of inconsequential value or benefit to the estate.

3. Section 541 states;
    (a) The commencement of a case section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
    (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

allow its recovery from the creditor as property of the estate. The debtor relies upon the fact that the automobile has not yet been sold in a commercially reasonable manner and her statutory right of redemption still exists [4]. As *In re Anderson*, 29 B.R. 563 (Bankr.E.D.Va.1983) states:

"The debtor's right of redemption is clearly within the purview of this section and is property of the estate which a bankruptcy court may compel an entity in possession to turn over.

"An equity of redemption comes within the scope of 'all legal or equitable interests of the debtor in property' and as such becomes property of the estate pursuant to section 541(a)(1)." (citations omitted) 4 *Collier on Bankruptcy* Para. 541.07[3] (15th ed. 1989).

The leading case on this issue is *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), which states:

The House and Senate Reports on the Bankruptcy Code indicate that § 541(a)(1)'s scope is broad (footnote omitted). Most important, in the context of this case, § 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. See HR Rep No. 95–595, p 367 (1977). Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced (footnote omitted). Section 542(a) is such a provision. It requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee (footnote omitted). Given the broad scope of the reorganization estate, property of the debtor repossessed by a secured creditor falls within this rule,

and therefore may be drawn into the estate.... In effect, § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings (footnote omitted). The Bankruptcy Code provides secured creditors various rights, including the right to adequate protection, and these rights replace the protection afforded by possession.

*United States v. Whiting Pools* at 205–07, 103 S.Ct. at 2313–15.

This court holds that the 1986 Toyota Corolla is property of the estate and is of significant use value to the estate by providing the debtor with transportation to and from work. It is necessary for a successful plan of reorganization for the creditor to turn over the automobile to the debtor.

THEREFORE, IT IS,

ORDERED, ADJUDGED, AND DECREED, that World Omni Financial Corporation shall turn over the 1986 Toyota Corolla to the debtor upon the showing of proof of insurance by the debtor. The debtor is directed to maintain adequate insurance on the vehicle.

World Omni Financial Corporation is directed to pay attorney's fees in the amount of $250.00 to the debtor's attorney within 30 days of the date of this order.

---

**4.** S.C.Code § 36–9–506: At any time before the secured party has disposed of collateral or entered into a contract for its disposition under § 36–9–504 or before the obligation has been discharged under § 39–9–502(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorney's fees and legal expenses.